IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMVEST CORPORATION, )
)
    Plaintiff, )
)
v. )
) Civil Action No. 08-1057
ANDERSON EQUIPMENT )
COMPANY and TEREX )
CORPORATION, )
)
    Defendants. )

## MEMORANDUM ORDER

Gary L. Lancaster,                                                November 12, 2008
District Judge.

       This is an action alleging breach of contract, breach of express warranty, negligence and strict liability. Plaintiff, Amvest Corporation, alleges that a rock truck manufactured by Defendant Terex Corporation ("Terex") which they purchased from defendant Anderson Equipment Company ("Anderson") had a design defect. Plaintiff alleges that this defect caused a fire which destroyed the truck. Plaintiff seeks money damages.

       Defendants have filed motions to dismiss, [Doc. Nos. 39, 41], on the basis that this action was filed over one (1) year from the date of loss and is, therefore, untimely pursuant to the terms and conditions of the sales agreement for the truck. Plaintiff argues that the suit limitation provision of the sales agreement is unenforceable. Plaintiff also argues that defendant Terex is neither a party to the sales agreement nor a third party

beneficiary of the contract. Plaintiff further contends that it did not discover the reason for the fire until January 2, 2007. Plaintiff argues, therefore, that it filed suit within the one year limitation period. For the reasons set forth below, defendants' motions will be granted.

I. BACKGROUND

Plaintiff is a West Virginia corporation that operates four (4) coal mining companies. On March 11, 2005, plaintiff purchased from defendant Anderson, a Pennsylvania corporation, a number of pieces of equipment including a 240 ton rock truck for use at Fola Coal Company, a subsidiary of plaintiff. The truck was manufactured by defendant Terex, a Delaware corporation.

Plaintiff and defendant Anderson executed a sales agreement in connection with plaintiff's purchase of the truck. The sales agreement consists of: (1) a one page two-sided Anderson Company Equipment Sales Agreement dated March 11, 2005 noting "see attached"; (2) a seven page proposal on Terex letterhead; (3) a two page document entitled "Two Year Warranty;" (4) a two page document entitled "Terex Mining Company Extended Frame Warranty, MT Series Trucks;" and (5) a one page invoice dated August 3, 2005, issued to plaintiff by defendant Anderson stating that $2,454,914.00 is due for full payment on the truck.

The front of the sales agreement provides that:

> The above named Buyer hereby purchases the above described Equipment from ANDERSON EQUIPMENT COMPANY ("SELLER") subject to the above terms and to the terms and conditions on the reverse side of this Contract. SUCH TERMS AND CONDITIONS INCLUDE PROVISIONS EXCLUDING CERTAIN WARRANTIES AND LIMITING BUYER'S REMEDIES AND SELLER'S LIABILITIES. Buyer acknowledges that (a) Buyer, or the person signing below on Buyer's behalf, has read and understands such terms and conditions and agrees that they are an integral part of this contract ...

The back of the sales agreement contains twenty (20) additional provisions including:

> (4) **CLAIMS.** \*\*\*
>
> Any suit on any claim whatsoever brought in law or equity must be filed within one year from the date the cause of action accrued or be forever barred. Any such suit must be brought in the United States District Court for the Western District of Pennsylvania or the Court of Common Pleas of Allegheny County, Pennsylvania.
> \*\*\*
>
> (20) **APPLICABLE LAW AND SEVERABILITY.**
>
> The Uniform Commercial Code and, to the extent not inconsistent therewith, other applicable law of the Commonwealth of Pennsylvania exclusive of Pennsylvania choice of law provisions in effect on the date of the acceptance from the Buyer as provided herein, shall apply in interpreting the terms, conditions and limitations herein and on the face hereof without regard to which party drafted the language herein or on the face hereof, prior course of dealing, course of performance or usage of trade.
> (Emphasis in original).

Plaintiff contends that the negotiation of the contract took place between it and Anderson and primarily involved the Terex proposal. Specifically, plaintiff contends that Terex two (2) year

3

limited warranty and the Terex extended frame warranty were discussed and reviewed. Plaintiff alleges that its Vice President was only presented with the one page sales agreement on the day the contract was signed. Plaintiff has submitted an affidavit from its Vice President stating that he did not review the terms of the sales agreement prior to signing it. [Affidavit of J. Keith Bartley, Exhibit A to Doc. No. 49].

On October 21, 2006, the truck caught fire, and was completely destroyed. Plaintiff alleges that the fire was caused by a design defect. Specifically, plaintiff alleges that the insulation surrounding a positively charged battery cable frayed and the cable touched the truck's grounded metal frame. Plaintiff contends that this contact caused a ground fault and ignited the remaining insulation. Plaintiff states that the fire completely destroyed the truck and resulted in $2,566,666.75 in damages.

On December 17, 2007, plaintiff filed suit in the Circuit Court of Clay County, West Virginia. Plaintiff alleges four (4) causes of action against defendant Anderson and the same four (4) causes of action against defendant Terex. In Counts I and V (incorrectly labeled as Count VI) plaintiff alleges negligence against defendants Terex and Anderson, respectively. In Counts II and VI (incorrectly labeled as Count VII) plaintiff alleges breach of express warranty against defendants Terex and Anderson. In Counts III and VII (incorrectly labeled as Count VIII) plaintiff

alleges breach of implied warranty against defendants Terex and Anderson. And in Counts IV (incorrectly labeled Count V) and Count IX (incorrectly labeled as Count X) plaintiff alleges strict liability against defendants. Defendant Anderson, with the consent of defendant Terex, timely removed the action to the United States District Court for the Southern District of West Virginia on the basis of diversity of citizenship, 28 U.S.C § 1332. Defendants then filed motions to dismiss or, in the alternative, to transfer the action to this court pursuant to 28 U.S.C. § 1404. Plaintiff argued that the sales agreement was not enforceable and, therefore, transfer was not appropriate. Plaintiff stipulated to the dismissal of its claims for breach of implied warranty.

The United States District Court for the Southern District of West Virginia concluded that, whether or not the sales agreement was valid, the weight of the Section 1404 factors favored transferring the case to this court. The court, therefore, granted defendants' motions to transfer and denied defendants' motions to dismiss, without prejudice.

Defendants have now renewed their motions to dismiss. [Doc. Nos. 39 and 41]. Defendant Anderson argues that this action is untimely as a matter of law and, therefore, must be dismissed. Defendant Terex agrees that this action is untimely pursuant to the suit limitation provision of the sales agreement and argues that it is an intended third party beneficiary of the contract. Defendant

Terex further argues that plaintiff's negligence and strict liability claims are barred by the economic loss doctrine. For the reasons set forth below, the court finds that the suit limitation provision is enforceable and, therefore, will grant defendants' motions to dismiss.

II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224 (3d Cir.

2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 2008 WL 305025, at *3; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id t 1969 n.8.

If a complaint is subject to a Rule 12(b)(6) dismissal, we must permit a curative amendment unless the amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). We must provide an opportunity to amend even if the plaintiff has not sought leave to amend. Id.

Defendants have submitted a number of documents as exhibits to their motions. Specifically, defendants have submitted the sales agreement, including attachments, and an affidavit

7

authenticating these documents. The court may consider these exhibits where the "document [is] integral to or explicitly relied on in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). In In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357 (3d Cir. 1993), the court of appeals observed that "a court may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." Id. at 368 n. 9. Submission of these documents to the court does not, therefore, convert defendants' motion to dismiss into a motion for summary judgment, because "when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading. . . . When a disparity exists between the written instrument[] . . . and the allegations in the pleadings, the written instrument will control." 5 C. Wright & A. Miller, Federal Practice and Procedure §1327, at 762-63, 766-67 (1990); Goodwin v. Elkins & Co., 730 F.2d 99 (3d Cir.) (Becker, J. concurring). Plaintiff's claims are clearly based upon the documents and plaintiff has not disputed their authenticity. Accordingly, it is proper for the court to consider them when evaluating the pending motions to dismiss.

III. DISCUSSION

A. Choice of Law

For many of the same reasons plaintiff contends that suit limitation provision is unenforceable, plaintiff also contends that the choice of law provision of the sales agreement is not applicable. Plaintiff argues, therefore, that the law of the state in which the contract was signed, namely West Virginia, applies. Defendants contend that the choice of law provision, specifying that Pennsylvania law applies, is enforceable.

Where, as here, federal jurisdiction is premised upon diversity of citizenship, we must apply the choice of law rules of the forum state to determine which jurisdiction's law applies to the dispute. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). Here, however, the sales agreement specifies that "[t]he Uniform Commercial Code and, to the extent not inconsistent therewith, other applicable law of the Commonwealth of Pennsylvania exclusive of Pennsylvania choice of law provisions ... shall apply ..." See paragraph 20 of the sales agreement, supra.

The Commonwealth of Pennsylvania and the state of West Virginia have both adopted the Uniform Commercial Code. Notably, both jurisdictions have adopted substantially similar clauses regarding unconscionable contracts. Compare 18 Pa. C.S.A §2302 with W.Va. Code § 46-2-302. In addition, the court of appeals has noted that Pennsylvania courts "'generally honor the parties'

choice of law provisions." DL Resources v. FirstEnergy Solutions Corp., 506 F.3d 209, 216 (3d Cir. 2007)(quoting Nationwide Mut. Ins. Co. v. West, 807 A.2d 916, 920)(Pa. Super. 2000)). Accordingly, this case is governed by the Uniform Commercial Code and the law of Pennsylvania.

B.   Terms of the Sales Agreement

Plaintiffs primary argument is that the terms on the back of the sales agreement, including the suit limitation provision, are unconscionable. In support of this argument plaintiff contends that these provisions are unconscionable because these terms were never part of the negotiation process and were never read before the contract was signed. Plaintiff further argues that the one year limitations period contained in the sales agreement renders the two year warranty illusory. Defendants argue that the provisions are not unconscionable. Defendants specifically contend that contractual provisions are rarely held to be unconscionable when they are in commercial contracts negotiated by sophisticated business entities.

The Pennsylvania Uniform Commercial Code provides that an action for breach of contract must be commenced within four years. 13 Pa.C.S.A. § 2725(a). The code further provides, however, that "[b]y original agreement, the parties may reduce the period of limitation to not less than one year but may not extend it." Id.

In the insurance context, "[i]t is well established

[under] Pennsylvania law that a contractual modification of the ordinary statute of limitations is valid and enforceable." Caln Village Assoc., L.P. v. The Home Indem. Co., 75 F.Supp. 2d 404, 409 (E.D. Pa. 1999). Further, at common law, "[i]n the absence of proof of fraud, failure to read the contract is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof." DeLage Landen Fin. Svcs., Inc. v. M.B. Mgmnt. Co., Inc., 888 A.2d 895, 899 (Pa. Super. 2005).

Plaintiff readily admits that its agent did not read the terms on the back of the sales agreement. Plaintiff offers no compelling argument as to why its failure to comprehend the terms of the contract renders those terms either unconscionable and, therefore, unenforceable. Plaintiff simply reiterates that the terms were not part of the negotiation and were in very small print. This is not sufficient to support a finding that enforcing a suit limitation provision would be unconscionable, especially in the commercial context.

Plaintiff also argues that, by reducing the limitations period to one year, defendants reduced the negotiated two year warranty by half. Defendants correctly point out that this argument is specious. The loss at issue occurred within the two year warranty period. Plaintiff had one year from that date to file suit. Had the loss occurred one year and 364 days after the

sales agreement was signed, plaintiff would have had one year from that date to file suit. Simply put, plaintiff failed to timely file suit and has provided no compelling reason to extend the contractually agreed upon limitations period.

C. <u>Third Party Beneficiary</u>

Plaintiff contends that defendant Terex, as a non-signatory to the contract, cannot enforce the contract's terms. Defendant Terex argues that it is clearly an intended third party beneficiary to the contract. Defendant relies on the fact that its proposals are incorporated by reference and attached to the sales agreement.

> The court of appeals recently noted that:
>
> Historically, under Pennsylvania law, "in order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third-party be a beneficiary, and that intention must have affirmatively appeared in the contract itself."
>
> <u>Sovereign Bank v. BJ's Wholesale Club</u>, 533 F.3d 162, 168 (3d Cir. 2008)(citation and internal quotation omitted).

Here, as noted above, the following documents were attached to the sales agreement; (1) a seven page proposal on Terex letterhead; (2) a two page document entitled "Two Year Warranty;" and (3) a two page document entitled "Terex Mining Company Extended Frame Warranty, MT Series Trucks." Further, the agreement specifically stated "see attached." This clearly refers

to the Terex material attached to the sales agreement. Accordingly, defendant Terex is an intended third party beneficiary of the sales agreement, and may enforce the suit limitation provision against plaintiff.

D. Discovery Rule

Plaintiff also argues that its cause of action did not accrue on the date of the fire but, rather, accrued on January 2, 2007, when its experts determined that the fire was caused by the alleged design defect.

The Pennsylvania Supreme Court has held that:

> The party seeking to invoke the discovery rule bears the burden of establishing the inability to know of the injury despite the exercise of reasonable diligence. The very essence of the discovery rule in Pennsylvania is that it applies only to those situations where the nature of the injury itself is such that no amount of vigilance will enable the plaintiff to detect an injury.

Dalrymple v. Brown, 549 Pa. 217, 228 (Pa. 1997).

Defendants point out that here, plaintiff was aware of the injury. Thus, defendants argue, the discovery rule does not toll the limitations period and plaintiff's suit was untimely. The court agrees.

## IV. CONCLUSION

For the reasons set forth above, defendant Anderson's motion to dismiss [Doc. No. 39] and Defendant Terex's motion to dismiss [Doc. No. 41] are GRANTED. The clerk is directed to mark this case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record